UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:19-cr-00271-ADM-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| HAKEEM ALEXANDER COLES, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery and disclosure. The Court held a hearing on the motions on January 16, 2020. Based on the motions, the discussion at the hearing, and the entire record in this case, the Court enters the following Order.

1. **Government's Motion for Discovery (ECF No. 14).**

The government seeks an order requiring Mr. Coles to make disclosures as required by the Federal Rules of Criminal Procedure. Mr. Coles does not oppose the motion. The government's discovery motion **(ECF No. 14)** is **GRANTED**. The government shall make its expert disclosures **at least three weeks prior to trial**. Mr. Coles shall provide any expert disclosures **at least two weeks prior to trial**.

2. **Defendant's Motion for Disclosure of Any Evidence that is Exculpatory, Mitigates Punishment, or is Relevant to Impeachment of Witnesses (ECF No. 16).**

Mr. Coles seeks disclosure of exculpatory and impeaching evidence. The government states that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny and will fully comply with those obligations. Mr. Coles's motion **(ECF No. 16)** is **GRANTED**. The government shall make disclosures to the defense as required by *Brady*, *Giglio*, and their progeny. These cases impose a continuing obligation on the government to disclose evidence that is favorable to a defendant in a criminal proceeding. Therefore, the government must disclose any information contemplated by *Brady*, *Giglio*, and their progeny, of which it is aware, within one week of this Order, and must supplement that disclosure promptly upon future discovery of all such evidence.

3. **Defendant's Motion for Disclosure of Any Orders, Applications, and/or Supporting Affidavits for Electronic Surveillance (ECF No. 17).**

Mr. Coles's motion for disclosure of electronic surveillance information **(ECF No. 17)** is **GRANTED**. The government represents that it has disclosed the requested materials in

compliance with Fed. R. Crim. P. 16(a)(1)(A)–(F), including surveillance videos, recorded jail calls, and cell phone tracking warrants.

**4.     Defendant's Motion for Disclosure of the Identity of all Informants Who Were Witnesses to or Participants in the Crimes Charged in the Indictment (ECF No. 18); Defendant's Motion to Produce Informants for Pretrial Interview (ECF No. 21).**

Relying on *Roviaro v. United States*, 353 U.S. 53 (1957), Mr. Coles seeks an order requiring the government to provide him with identities of all informants who witnessed or participated in the crimes charged in the indictment and to make informants available for interviews. The government asserts that it is unaware of any confidential informants involved in the investigation of this case. Mr. Coles's motions **(ECF No. 18, 21)** are **DENIED** based on the government's representation that no informants were used in the investigation of this case. However, if the government becomes aware of any informants having been used at any point in the investigation of this case, it should so inform Mr. Coles promptly.

**5.     Defendant's Motion for Disclosure of any Information Provided by Informants or Trial Witnesses, Their Criminal Records, and the Incentives Provided to Them to Provide the Information or Testimony (ECF No. 19).**

Mr. Coles seeks an Order requiring the government to provide him with any information provided by informants or trial witnesses, their criminal records, and the incentives provided to them for the information they gave or their testimony. Mr. Coles's motion **(ECF No. 19)** is **GRANTED** to the extent required by this Court's ruling at Paragraph 2, above. It is **DENIED** to the extent it seeks early disclosure of Jencks Act material that is unrelated to *Brady*, *Giglio*, and their progeny. Nothing in this Order prohibits the government from providing material covered by the Jencks Act sufficiently in advance of trial to avoid any unnecessary delays, and the Court strongly encourages open-file discovery.

**6.     Defendant's Motion to Preserve and for Disclosure of Copies of any Handwritten or Tape-Recorded Notes of Interviews, Debriefings, or Surveillances of Defendant, Alleged Co-Conspirators, Witnesses, and Informants (ECF No. 20).**

Mr. Coles seeks an order requiring the government to preserve investigators' rough notes and for production of copies of such items because disclosure would facilitate the speedy and orderly resolution of the pretrial issues in this matter and would not be prejudicial to the prosecution. The government does not object to requiring law enforcement officials to preserve the rough notes of their investigation in this case, but it objects to disclosure of those notes. Mr. Coles's motion **(ECF No. 20)** is **GRANTED IN PART** to the extent it requests preservation of rough notes. It is **DENIED IN PART** to the extent it seeks disclosure of such rough notes.

**Mr. Coles's Suppression Motion**

At the January 16, 2020 hearing, the Court admitted ten separate exhibits offered by the government into evidence. (*See* Ex. List, ECF No. 25.) These exhibits include search warrants for various cell phone records, forensic data from two cell phones, and the search of two residences. The government represented that no data was received in response to the warrants comprising Government's Exhibits 1 and 3 and counsel for the parties agreed that Mr. Coles's motion to suppress was moot with respect to these warrants.

The Court further advised defense counsel that absent a showing that Mr. Coles has standing to challenge the search warrants for third parties' cell phone information or residences, the Court would find that he lacked such standing. Specifically, this discussion pertained to Government's Exhibits 5–10. However, the Court indicated that if Mr. Coles could articulate a theory for standing to challenge those search warrants such an argument should be presented in post-hearing briefing, for which the Court set a schedule. [*See* Min. of Hr'g, ECF No. 24.] the court then advised counsel for Mr. Coles that he needed to support in briefing his assertion that the issuance or execution of the remaining two warrants, Government's Exhibits 2 and 4 (about which there is no question regarding standing) violated the Fourth Amendment.

Date: January 21, 2020                     *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge